[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Brzeg Dolny, Poland, on April 17, 1971. They have resided continuously in this state since 1990. There are no minor children issue of this marriage.
The evidence presented at trial clearly establishes that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the statutory criteria set forth in §§ 46b-81, 46b-82 and 46b-62 C.G.S. in reaching the decisions reflected in the orders that follow.
The defendant filed a pro se appearance and chose to represent himself throughout this trial.
The parties have been married for approximately 26 years. They have one child over the age of 18 years. The parties emigrated from Poland to the United States in 1983. The parties then came to Connecticut in 1986. In August 1990 or 1989 the parties went to Germany with $30,000 from their joint account. However, after three weeks, they decided to return to Connecticut — where they have remained ever since.
The plaintiff claims they returned to the United States with $15,000 (fifteen thousand dollars). The defendant claims they returned with $22,000 (twenty-two thousand dollars) from their joint savings.
It was not a happy marriage. The plaintiff claimed the defendant drank to excess and was physically and emotionally abusive to her. CT Page 9317
This testimony was corroborated by the parties' daughter. Although the defendant claimed infidelity on the part of the plaintiff, there was no such evidence presented by the defendant.
The defendant took $7,000 from a $15,000 joint account and purchased a car for himself in March 1994.
The plaintiff bought a motor vehicle for their daughter at a cost of $12,000. The plaintiff purchased a condo valued at $60,000, with a down payment of $6,000 in April 1996. The plaintiff and her daughter presently reside in the condominium.
In March 1996, both the plaintiff and her daughter saw the defendant's checkbook and savings account records which indicated an account balance of $30,000, plus a C.D. in the amount of $6,000.
The defendant has no such assets listed on his financial affidavit. The defendant testified under oath that he had no funds on deposit anywhere; that he had no cash, no C.D.s and that no one was holding any of his property.
The defendant is a chemist working at Jonal Laboratory in Meriden, Connecticut. He stated he earns approximately $37,000 per year. He is 53 years old.
The plaintiff is employed as a nurse's aid earning approximately $27,664 per year. The plaintiff claims she has some physical nerve problem — sciatica — which may prevent her from working in the future. The plaintiff is 48 years old.
Both parties contributed to their daughter's education with funds from their joint checking account. The daughter claims she left college to remain at home and protect her mother from the abusive conduct of the defendant.
The court declines to assess fault to either party for the breakdown of their marriage. The court has carefully considered the statutory criteria as set forth in §§ 46b-81 and 46b-82
C.G.S. in reaching the decisions reflected in the orders that follow.
The parties were at issue as to alimony, property settlement and counsel fees. CT Page 9318
ALIMONY
The parties appeared to have lived modestly, being able to save large amounts of money. Neither party had substantial debts nor much in the way of assets. If the court can believe the parties' financial affidavits, their net weekly income is similar.
The court awards the plaintiff alimony in the amount of $1.00 per year to be paid by the defendant to the plaintiff until the plaintiff's remarriage, death or cohabitation, or the defendant's death, whichever event shall first occur.
PROPERTY SETTLEMENT
By way of a property settlement, the plaintiff is awarded a lump sum of $9,500 payable at the rate of $75 per week. An immediate withholding is ordered.
COUNSEL FEES
No counsel fees are awarded.
Coppeto, J.